HOPKINS (WILLIAMS v.). See Case No. 17,722.

## Case No. 6,693.

### HOPKINS v. WOOD et al.

[14 Int. Rev. Rec. 164.]

District Court, S. D. New York. May 13, 1852.

FREIGHT—BILL OF LADING—AGENCY — QUANTITY OF CARGO.

[1. Where a cargo of coal was bought at Philadelphia, and delivered by vessel to the purchasers at New York, and upon arrival at the latter place was found to be several tons less in weight than given in the bill of lading, the master is entitled to recover full freight for the amount which was taken on board at Philadelphia, and weighed without the knowledge or concurrence of the master, and was duly delivered to the consignees at New York.]

[2. The shippers of a cargo are to be considered as agents of the consignees for the purpose of guarantying the amount and quantity of such cargo to the master of a vessel at the point of departure, and the master is not liable for a greater quantity of cargo than was actually laden on board.]

BETTS, District Judge. It appearing to the court upon the pleadings and proofs in

this case that the respondents [James E. Wood and Samuel R. Mabbitt] were the purchasers and owners at Philadelphia of 152 16/20 tons of coal, and on the 30th of October, 1850, the vendors there shipped on board the schooner Orora, of which the libellant [William Hopkins] was master, and delivered to the respondents the said coal, to be delivered to them in the city of New York, and that the libellant at the same time executed a bill of lading engaging to deliver the said coal to the respondents at the port of New York, they paying $1.25 per ton freight, which in the whole amounts to the sum of $191. And it further appearing to the court that the coal was not delivered to the libellant at Philadelphia, or received on board said vessel, by actual weight, but, after being laden on board by the said shippers, the said bill of lading was executed by the libellant on the statement of the weight of said coal given him by the said shippers. It is considered by the court that the said shippers were in this behalf the agents of the respondents, and that the libellant, as between him and the respondents, is not answerable upon the bill of lading for the delivery to them of a greater quantity of coal than was actually laden on board the said vessel. And it further appearing to the court, upon the pleadings and proofs, that all the coal laden on board the vessel at Philadelphia was duly delivered by the libellant to the respondents in New York. But it being further made to appear by the proofs on the part of the respondents, that on the weight of the said coal as delivered from the vessel to their coal yard in New York, and being there weighed by their agents, the said coal amounted in quantity only to 144 7/20 tons, leaving a deficiency of eight tons and nine-twentieths of a ton between such weight and the quantity expressed in said bill of lading, the value of which the respondents claim the right to have deducted and allowed to them out of the freight payable to the libellants. And it further appearing to the court that such weighing of the coal was without the presence, concurrence or knowledge of the libellant, and that he refused to admit the accuracy of such weight, or if correct that he was answerable for such deficiency, yet proposed and offered as a compromise with the respondents to accept freight for the quantity admitted by the respondents to have been delivered them, and relinquish his demand of freight for the residue of the cargo, but the respondents refused to accede to such offer, and proposed and tendered payment of $143, deducting and reserving from the sum of $191 (the amount payable on the quantity laded on board the vessel at Philadelphia) $38.02, the cost price of 8 9/20 tons at Philadelphia, which proposal the libellant refused to accept. Wherefore it is considered by the court, that upon the pleadings and proofs, the libellant is not answerable to the respondents for the said sum of $38.02, and

is in law entitled to recover his full freight for the quantity of coal laden on board his vessel at Philadelphia. It is therefore ordered, adjudged and decreed that the libellant recover in this cause $191, with interest thereon at the rate of six per cent. from the 10th of November, 1850, together with costs to be taxed. Let the decree be entered accordingly.